**Charles A. TAYLOR, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR,
Respondent.**

No. 02–3072.

United States Court of Appeals,
Federal Circuit.

May 10, 2002.

Before CLEVENGER, BRYSON, and
PROST, Circuit Judges.

PER CURIAM.

Charles A. Taylor seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal on the ground that his retirement from the Department of the Interior was voluntary, thus depriving the Board of jurisdiction over his appeal. *Taylor v. Dep't of the Interior*, No. DC0752000775–I–1 (Sept. 27, 2001). We *affirm*.

I

Before his retirement effective July 2, 1998, Mr. Taylor had been a long-term employee of the National Park Service ("agency"), part of the Department of the Interior. Before his retirement, he and the agency had a difference of opinion as to whether Mr. Taylor should be promoted to superintendent. In March 1996, Mr. Taylor complained to an Equal Employment Opportunity ("EEO") counselor that he had been denied promotion to superintendent on the basis of his age and disability. That complaint was resolved by an informal resolution agreement on April 16, 1996. On December 12, 1996, Mr. Taylor wrote the agency, alleging that it had failed to carry out the terms of the previous informal resolution agreement. Mr. Taylor and the agency sought to resolve this allegation by another informal resolu-

tion agreement. The second informal resolution agreement was not signed by a necessary agency party, and consequently it was not effective. A third informal resolution agreement, signed by the required agency officials and Mr. Taylor in May 1997, set forth the following terms: (1) Mr. Taylor's equal opportunity complaint against the agency was settled; (2) Mr. Taylor would receive a lump sum of $10,000; (3) Mr. Taylor would be permitted to remain in agency housing until October 1, 1998; (4) Mr. Taylor would be granted an Enhanced Law Enforcement Annuity Retirement; and (5) Mr. Taylor would retire no later than June 6, 1998.

Sometime after May 1997, the agency advised Mr. Taylor that if he did not retire in June 1998, he would be dropped from the employment rolls. In March 1998, Mr. Taylor filed another EEO complaint, arguing that he had been reminded of the June 1998 retirement date as a reprisal for having filed his initial EEO complaint. In April 1998, Mr. Taylor informed the agency that he considered the retirement date in the May 1997 settlement to be "hypothetical." The agency responded that Mr. Taylor had agreed to retire in June 1998 in the May 1997 settlement agreement. Mr. Taylor responded that he was being forced into early retirement against his will, and in June 1998, Mr. Taylor filed a third EEO complaint alleging that he was being discriminated against on the grounds of race, sex, age, and physical disability.

Because Mr. Taylor had not retired by June 6, 1998, he was retired from the agency effective July 2, 1998. On August 1, 2000, the agency issued its final EEO decisions regarding Mr. Taylor's three EEO complaints, finding that he had not been discriminated against as alleged. Thereafter, Mr. Taylor filed his appeal with the Board, alleging that his retirement in July 1998 had been coerced, and was therefore involuntary.

## II

■ An employee's resignation by retirement is presumed to be voluntary; voluntary resignations are not appealable to the Board; the employee has the burden of proving that his resignation was not voluntary in order to vest the Board with jurisdiction over his appeal. *See Terban v. Dep't of Energy*, 216 F.3d 1021, 1023–24 (Fed.Cir.2000). Mr. Taylor's appeal to the Board was assigned to an Administrative Judge ("AJ"), whose task was to decide if Mr. Taylor could demonstrate that his retirement was involuntary.

■ The AJ concluded that the May 1997 settlement agreement signed by Mr. Taylor specified that he would retire no later than June 6, 1998. A settlement agreement is binding on the parties, and a party challenging the validity of a settlement agreement carries a heavy burden. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1468 (Fed.Cir.1998). Mr. Taylor advanced several reasons why the settlement agreement was not valid. The AJ rejected his argument that a breach by the agency of the confidentiality provisions of the settlement agreement invalidated the contract. We agree with the AJ's conclusion, and we do not understand Mr. Taylor to renew that challenge in his petition for review in this court. The AJ also rejected Mr. Taylor's argument that a December 21, 1998, letter from the agency to the EEO Commission voided the May 1997 settlement agreement. Consequently, the AJ held that the terms of the contract remained in force, pursuant to which Mr. Taylor would voluntarily retire. The AJ rejected Mr. Taylor's other arguments as to why his retirement was coerced, and concluded that Mr. Taylor's resignation was voluntary, thus ousting Board jurisdic-

768

tion over the appeal. When Mr. Taylor's petition for review by the Board of the AJ's decision was denied, the AJ's decision became the final decision of the Board, subject to review in this court under 28 U.S.C. § 1295(a)(9). Mr. Taylor timely sought review in this court.

## III

We may disturb a final decision of the Board only if we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

 Our review of legal issues is plenary. Thus, we interpret the May 1997 settlement agreement *de novo*. We agree with the AJ that the agreement is not ambiguous as to Mr. Taylor's obligation to retire voluntarily, as part of the contract pursuant to which he received important benefits. We also agree that Mr. Taylor failed to show that the settlement agreement is not enforceable. The December 21, 1998, letter from the agency to the EEO Commission—as the agency points out in its brief—states that the May 1997 settlement agreement was flawed in that it did not contain provisions stating that Mr. Taylor thereby waived his EEO rights. This flaw, however, was not prejudicial to Mr. Taylor, because after the May 1997 settlement agreement all of his EEO complaints were fully adjudicated. The omission of EEO waiver rights in the May 1997 settlement agreement affected only the issue of EEO rights; other provisions of the contract, including Mr. Taylor's agreed voluntary retirement, are not affected by the omission of the EEO waiver provisions. *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427–28, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998) (faulty release as to EEO rights affects those rights, not the validity of the contract as to other claims).

Mr. Taylor renews his argument that the retirement date in the May 1997 agreement was only "hypothetical" and not enforceable. The AJ decided that the agreement was not ambiguous as to the retirement date, and that even if it were, the parole evidence in the record demonstrated a clear intent that there be a voluntary retirement as specified in the contract. We agree with the AJ on this point. Mr. Taylor has failed to show that the settlement contract is unenforceable. According to its terms, Mr. Taylor agreed to retire by June 6, 1998. When he did not do so, he was retired effective July 2, 1998. We see no error in the Board's decision that Mr. Taylor's retirement was voluntary, and we therefore affirm the final decision of the Board.